UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

ROBERT HARRISON,

Plaintiff,

-against-

THE CITY OF NEW YORK, NEW YORK CITY
DEPARTMENT OF HOMELESS SERVICES POLICE
OFFICERS JOHN & JANE DOES 1-5,

Defendants.

------------------------------------------------------------------------ x

**COMPLAINT**

12 Civ. 3793 (PAE)

Jury Trial Demanded

## PRELIMINARY STATEMENT

1.      Plaintiff brings this civil rights action against the City of New York and several New York City Department of Homeless Services Police Officers, who are peace officers under state law, alleging that, on January 11, 2012, defendants violated his rights under 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution and New York state law by using unreasonable force on him, assaulting him, battering him and denying him medical care for his injuries.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3.      Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his New York state law claims of assault, battery, denial of

medical care and vicarious liability which form part of the same case and controversy as his federal claims under Article III of the United States Constitution.

4.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because a substantial part of the events giving rise to plaintiff's claims occurred in this District and because some or all of the defendants reside in this District.

## NOTICE OF CLAIM

5.     With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 90 days of the incident, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

## JURY TRIAL

6.     Pursuant to Fed. R. Civ. P. 38, plaintiff demands a jury trial.

## PARTIES

7.     Plaintiff is a United States citizen who resides in Manhattan.

8.     The City of New York is a municipal corporation organized under the laws of the State of New York.

9.     The individual defendants are New York City Department of Homeless Services Police Officers, who are peace officers under state law.  Defendants were acting under color of state law and in their capacities as police and peace officers at all relevant times. Defendants are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct.  The defendants are sued in their individual capacities.

## STATEMENT OF FACTS

10.     On January 11, 2012, plaintiff was residing at the Ft. Washington Men's Shelter in Manhattan.

11.     On January 11, 2012, plaintiff had an outstanding bench warrant which was issued in 2003 because plaintiff failed to appear in Bronx Criminal Court to answer a summons.

12.     At approximately 5:30 a.m., several New York City Department of Homeless Services Police Officers, intending to bring plaintiff to court for the warrant, went over to plaintiff's bed and ordered him to wake up and get dressed.

13.     Because it was very early and because plaintiff had taken medication before going to bed which makes him drowsy, plaintiff was unable to immediately respond.

14.     At no time did plaintiff threaten, attempt to strike or strike any of the officers.

15.     The officers grew impatient, although only a minute or so had passed, and, as a result, all of them jumped on plaintiff and held him down with their bodies, which prevented him from breathing.

16.     When plaintiff attempted to do a push-up so his chest would be free to allow him to inhale and exhale, one of the officers, while the others watched, jabbed him repeatedly in the spine with a metal object, likely an asp.  The officers also handcuffed plaintiff excessively tight.

17.     The officers' actions caused plaintiff to suffer, among other things, a herniated disc and pain and bruising.

18.     Plaintiff requested medical care but the officers failed to provide it.

3

19.     Plaintiff was taken to Bronx Criminal Court where the warrant was vacated and the charge was adjourned in contemplation of dismissal.

20.     Plaintiff obtained medical treatment the day he was released.

21.     Plaintiff is presently receiving medical treatment and physical therapy and wears a back brace.

22.     Plaintiff suffered damage as a result of defendants' actions.  Plaintiff suffered physical injuries, including a herniated disc, and emotional distress, fear and anxiety.

## FIRST CLAIM

### (UNREASONABLE FORCE)

23.     Plaintiff repeats the foregoing allegations.

24.     Defendants' force upon plaintiff was objectively unreasonable and caused plaintiff pain and injuries.

25.     Accordingly, the defendants are liable to plaintiff under the Fourth Amendment for using unreasonable force on him.

## SECOND CLAIM

### (DENIAL OF MEDICAL CARE)

26.     Plaintiff repeats the foregoing allegations.

27.     Defendants denied plaintiff's request for medical treatment despite the fact that plaintiff was seriously injured.

28.     Accordingly, the defendants are liable to plaintiff under the Fourteenth Amendment for not arranging for plaintiff to receive medical care for his injuries.

## THIRD CLAIM

### (FAILURE TO INTERVENE)

29.     Plaintiff repeats the foregoing allegations.

30.     Defendants had a reasonable opportunity to prevent the violations of plaintiff's constitutional rights, but they failed to intervene.

31.     Accordingly, the defendants are liable to plaintiff for failing to intervene to prevent the violation of plaintiff's constitutional rights.

## FOURTH CLAIM

### (*MONELL* CLAIM AGAINST THE CITY OF NEW YORK)

32.     Plaintiff repeats the foregoing allegations.

33.     The City of New York is a "person" within the meaning of 42 U.S.C. § 1983.

34.     The City of New York, through a policy, practice or custom, directly caused the constitutional violations suffered by plaintiff.

35.     Upon information and belief, the City of New York, at all relevant times, was aware that the defendants and other members of the New York City Department of Homeless Services Police Officers are unfit officers who have previously committed acts similar to those alleged herein, have a propensity for unconstitutional conduct and/or have been inadequately trained.

36.     Despite the above, the City exercised deliberate indifference by failing to take remedial action.  The City failed to properly train, retrain, supervise, discipline and monitor the defendants and other officers like them.

37.     The City's failure to act resulted in the violation of plaintiff's constitutional rights as described herein.

## FIFTH CLAIM

### (ASSAULT)

38.     Plaintiff repeats the foregoing allegations.

39.     Defendants' force upon plaintiff placed him in fear of imminent harmful and offensive physical contacts which injured him.

40.     Accordingly, the defendants are liable to plaintiff under New York state law for assault.

## SIXTH CLAIM

### (BATTERY)

41.     Plaintiff repeats the foregoing allegations.

42.     Defendants' force upon plaintiff constituted offensive and nonconsensual physical contacts which injured him.

43.     Accordingly, the defendants are liable to plaintiff under New York state law for battery.

## SEVENTH CLAIM

### (VICARIOUS LIABILITY CLAIM AGAINST CITY OF NEW YORK)

44.     Plaintiff repeats the foregoing allegations.

45.     The individual defendants were acting within the scope of their employment as members of the New York Department of Homeless Services Police Officers when they assaulted and battered plaintiff and denied him necessary medical care.

46.     Accordingly, the City of New York is vicariously liable to plaintiff under New York state law for assault, battery, and denial of necessary medical care.

6

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a.    Compensatory damages in an amount to be determined by a jury;

b.    Punitive damages in an amount to be determined by a jury;

c.    Attorney's fees and costs;

d.    Such other and further relief as the Court may deem just and proper.

DATED:    May 10, 2012

/s/

_____
RICHARD CARDINALE
Attorney at Law
26 Court Street, Suite # 1815
Brooklyn, New York 11242
(718) 624-9391

ROBERT N. ISSEKS
Attorney at Law
6 North Street
Middletown, New York 10940
(845) 344-4322

7